## Case No. 246a.

ALLIANCE INS. CO. v. THE MORNING LIGHT.

[Betts' Scr. Bk. 531.]

District Court, S. D. New York, 1862.

ADMIRALTY—PRACTICE—APPRAISEMENT.

[Where the clerk, at the instance of the claimant of an arrested vessel, and without notice to libelant's proctor, nominates an appraiser, and posts notice of the appraisement. the proceedings are irregular, and the appraisement should be set aside.]

[In admiralty. Libel in rem by the Alliance Insurance Company against the brig Morning Light to recover damages suffered by the schooner Jerry Fowler in a collision, and paid by libelant as insurer. Heard on libelant's motion to set aside an appraisement of the brig. Granted.]

Benedict, Scoville & Benedict, for libelant.
Beebe & Donohue, for claimants.

Before BETTS, District Judge.

In this case the brig was arrested, and in the custody of the marshal. Without notice to the libellant's proctor, the clerk, at the instance of the claimants, proceeded to nominate an appraiser; the notice of the appraisement was posted up, and the vessel appraised. The libellants thereupon moved to set aside the proceedings as irregular.

BY THE COURT. The rules in respect to the appraisement of the property under arrest all plainly contemplate a common action of the parties interested, or an opportunity to act together. The 61st rule permits proceedings instanter for appraisement in suits by the United States in rem, if the district attorney and claimants are in presence of the court. In individual actions, either party may have an order entered of course for appraisal, or it may be done by mutual consent, and if the parties do not agree in writing upon the appraiser, the clerk shall name him, each party having a right to appeal instanter. Rules 62–69. These regulations imply that both parties are made cognizant of the action taken for the discharge of the property arrested. Betts, Adm. Pr. 43. The 40th rule expressly directs notice to be given libellant's proctor of applications for delivering up property on stipulation which is under arrest. The proceedings in this case must therefore be regarded as irregular, and the appraisement be set aside.

## Case No. 246b.

ALLIANCE INS. CO. v. THE MORNING LIGHT.

[Betts' Scr. Bk. 586.]

District Court, S. D. New York, April 4, 1862.[1]

COLLISION—INEVITABLE ACCIDENT—DARKNESS.

[In admiralty. Libel in rem by the Alliance Insurance Company against the brig Morning Light to recover damages suffered by the schooner Jerry Fowler in a collision, and paid by libelant as insurer. Libelant's motion to set aside an appraisement was granted. Alliance Ins. Co. v. The Morning Light, Case No. 246a. Libel dismissed.]

Benedict, Burr & Benedict, for libelant.
Beebe, Dean & Donohue and Mr. Morton, for claimants.

Before BETTS, District Judge.

This was an action to recover damages occasioned to the schooner Jerry Fowler by a collision with the Morning Light, which occurred on August 5, 1855, just about daybreak, near Martha's Vineyard. Both vessels had been going eastward through the night, the brig in the rear but gaining on the schooner, and both were on the starboard tack. The night was dark and rainy, and about 4 A. M. the Jerry Fowler undertook to tack, her master thinking her so near the Cutterhunk Shoals as to render it proper to change her course; and while tacking she was run into by the Morning Light. The libellant, having paid the loss to the owners of the schooner, now sues to recover it back. The testimony as to the darkness was conflicting.

Held by THE COURT, that the evidence shows a case of inevitable accident between the two vessels, or, if there was a fault, it was one common to both, arising from the obscurity of the weather and want of extreme vigilance on both vessels, and the uncertainty, from that cause, as to what was the proper course for either to pursue; that each party must therefore be left to bear his own loss.

Libel dismissed. Question of costs reserved.

## Case No. 246c.

ALLIANCE INS. CO. v. THE MORNING LIGHT.

[Betts' Scr. Bk. 709.]

Circuit Court, S. D. New York. 1862.[2]

COLLISION—INEVITABLE ACCIDENT—DARKNESS.